# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JUAN ANTONIO VAZQUEZ**                                                                       **PLAINTIFF**

**v.**                                            **No. 3:12CV28-NBB-SAA**

**U. S. DRUG ENFORCEMENT ADMINISTRATION**                              **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Juan Antonio Vazquez, who challenges the forfeiture of his property under 21 U.S.C. § 881(a)(6), which provides that "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, securities used or intended to be used to facilitate any violation of this subchapter" are subject to forfeiture to the United States. The United States has moved for summary judgment, and Vazquez has filed a cross-motion for summary judgment. The matter is ripe for resolution. For the reasons set forth below, the motion by Vazquez for summary judgment will be denied; the United States' motion for summary judgment will be granted, and judgment will be entered for the United States.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

On February 21, 2006, Mississippi Highway Patrol Officer Dennis Darby conducted a traffic stop on a vehicle that was speeding on Highway 78. The driver of the vehicle was identified as Juan Antonio Vazquez and a passenger in the vehicle was identified as Charles Brandon Williams. Officer Darby asked Vazquez to get out of the vehicle and as the two spoke Officer Darby observed a large bulge in Vazquez' front right pocket. Officer Darby asked Vazquez about the bulge in his pocket and Vazquez advised that it was money in the approximate amount of $7,000.00. Officer Darby asked for consent to search the vehicle for weapons or other contraband and Vazquez did not give consent to search the vehicle. Officer Darby utilized the assistance of a canine officer and the canine positively alerted to both the driver's side and passenger side doors of the vehicle. Based on the positive alerts by the canine Officer Darby conducted a search of the vehicle and did not find any weapons or contraband. Based on information previously provided to law enforcement officers, Officer Darby seized the money that Vazquez had in his pocket on the suspicion that the money was connected to the exchange of illegal drugs. Officer Darby gave Vazquez a receipt for the seized money and issued Vazquez a ticket for speeding before Vazquez left the stop. Sometime between the seizure date of February 21, 2006, and March 7, 2006, Vazquez retained the services of Stacey Spriggs, Attorney at Law, located at 1630 Goodman Rd., Suite #5, Southaven, Mississippi 38671, to contest the seizure of the currency. *See* Vazquez Affidavit, Document #3, Pg. 2, ¶¶ 5 and 6. On March 24, 2006, Vazquez was stopped in Utah by Deputy Jeffrey C. Malcom of the Iron County Sheriff's Office and subsequently arrested for possession of a controlled substance. *Id*. at Pg. 3, ¶ 10. Vazquez concedes that the traffic stop and arrest in Utah were not related to the seizure of money that occurred in Mississippi. *Id*. Vazquez was tried and convicted in Utah for possession of a controlled substance and is currently serving a 240 month sentence of imprisonment at the Federal Correctional Institution in

Texarkana, Texas. *Id*. at Pg. 4, ¶¶ 14 and 15. On or about March 3, 2006, the DEA adopted the seizure from the Mississippi Highway Patrol and the seized currency was transferred to DEA for purposes of federal forfeiture. Under 19 U.S.C. § 1602 *et seq*. and 18 U.S.C. § 983 (a)(1)(A)(i) and (iv), the DEA initiated a non-judicial federal forfeiture proceeding against the seized currency. On March 29, 2006, which was after Vazquez' arrest in Utah, the DEA mailed notice to Vazquez' home address at 1213 Wall Street, Apt#1, Normal, Illinois 61761. *See* Affidavit of John J. Cipriani, p. 2, ¶ 4 (b) attached to the United States' Motion for Summary Judgment as Exhibit A. The residence in Normal, Illinois is where Vazquez resided at the time of the currency seizure in Mississippi and Vazquez' family still resides at the same address. *See* Vazquez Affidavit, Pg. 5, ¶ 19. On April 4, 2006, the United States Postal Service returned the notice stamped "RETURNED TO SENDER, ATTEMPTED, NOT KNOWN." *See* Cipriani Affidavit, p. 2, ¶ 4.

Also on March 29, 2006, DEA sent notice of the forfeiture proceeding to Vazquez' attorney, Stacey Spriggs, and on April 4, 2006, an individual signing in the signature block accepted delivery of the notice. *See* Cipriani Affidavit, p. 3, ¶ 4 (c). Pursuant to 19 U.S.C. § 1607(a), DEA also caused notice of the forfeiture to be published in The Wall Street Journal on April 10, 2006, April 17, 2006, and April 24, 2006. *See* Cipriani Affidavit, p. 2, ¶ 4 (e). No claim to the seized currency was ever received by DEA and, accordingly, the currency was declared to be administratively forfeited to the United States on or about August 8, 2006. *See* Cipriani Affidavit, p. 5, ¶ 4 (j).

**Statute of Limitations**

Vazquez seeks to set aside a completed administrative forfeiture conducted under 21 U.S.C. § 881(a)(6). A proceeding to set aside forfeiture must be brought under 18 U.S.C. § 983, which contains a five year statute of limitations – and is the exclusive remedy for such a challenge. The forfeiture proceeding was concluded on August 8, 2006; thus the deadline for challenging the forfeiture expired

on August 8, 2011. Vazquez submitted the complaint in this case to prison officials for mailing, at the earliest, on February 17, 2012 (the date he signed it). Vazquez's request for the return of property was not timely filed under 18 U.S.C. § 983 (e)(3) and will be denied. As to Vazquez's motion for summary judgment, the untimeliness of his complaint renders all of his arguments and facts immaterial. As such, his challenge to the forfeiture proceeding will be dismissed as untimely filed.

**SO ORDERED**, this, the 30th day of May, 2014.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE